IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RANDY JOEL MCDONALD, | § | |
| Petitioner, | § § § | |
| v. | § § | 2:17-CV-213 |
| JOEL RICHARDSON, Sheriff, Randall County, Texas, | § § § | |
| Respondent. | § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS FOR FAILURE TO PAY FILING FEE

Petitioner, an inmate in the Randall County Jail, has filed with this Court a form *Petition for a Writ of Habeas Corpus by a Person in State Custody* in an attempt to initiate a federal habeas corpus proceeding in this Court. Petitioner did not, however, submit any payment to satisfy the requisite $5.00 filing fee, nor did he submit an application to proceed *in forma pauperis*. On November 2, 2017, the Court temporarily granted petitioner permission to proceed pending submission of a form *Application to Proceed In Forma Pauperis* and a current Account Summary from Randall County Jail reflecting petitioner cannot pay or does not have access to funds to pay the filing fee. [ECF 4].

On November 16, 2017, in response to the Court's order, petitioner filed a form *in forma pauperis* application together with a document titled "Certificate of Inmate Trust Account." This document appears to have been completed by petitioner and lacks the authenticating signature of the custodian of records for petitioner's trust account. Additionally, by his own admission,

petitioner indicates his average monthly balance is $300-$400, with average monthly deposits to his account of $300-$400, possibly in addition to a $617.50 "AIG Annuity."

Petitioner does not qualify for a grant of pauper's status. Petitioner has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should have included such payment with the submission of his application or subsequent to such submission. Petitioner's application should be DISMISSED for failure to pay the requisite fee.

Even if petitioner were to pay the requisite $5.00 filing fee, his application for habeas relief should be denied. Petitioner's habeas application is not only incoherent, it fails to specifically identify what he is challenging,[1] fails to assert any cognizable constitutional ground of error, and fails to clearly state the relief sought by the petition.[2] In the attachments to petitioner's *Application to Proceed In Forma Pauperis*, petitioner includes the term "double jeopardy," and the conclusory and incomplete statements "illegal parole hold," "cannot bond out," and "can't retain legal counsel." Liberally viewing these attachments in an attempt to discern any potential ground of error, the Court can still only speculate as to petitioner's potential claims. The Randall County online docket reflects a complaint was filed against petitioner on June 22, 2017 for the offense of possession of a controlled substance, enhanced (a state jail felony), and counsel was appointed to represent petitioner the next day. The docket further reflects petitioner was indicted on August 24, 2017 for that same offense, and that a competency examination was requested and ordered with a psychiatric report being submitted on November 17, 2017. If petitioner is attempting to challenge his pre-trial incarceration related to this new

---

[1] Petitioner checks every box on the form where asked to identify what he is challenging.

[2] Petitioner completes only the section provided on the form for Ground Three, and fails to state a coherent assertion of error or claim for relief.

charge, he has failed to adequately state the grounds on which he contends he is being unlawfully held.

## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RANDY JOEL MCDONALD be DISMISSED for failure to pay the filing fee required in this case.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 28, 2017.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).